UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-26-RJC-DSC

| | |
|---|---|
| DAWN S. HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 8), Defendant's Motion for Summary Judgment, (Doc. No. 10), the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court grant Defendant's Motion and deny Plaintiff's Motion, (Doc. No. 12), Plaintiff's Objections to the M&R, (Doc. No. 13), and Defendant's Response to Plaintiff's Objections, (Doc. No. 14).

**I.     BACKGROUND**

Plaintiff filed the present action on January 20, 2012 to appeal Michael J. Astrue's (the "Defendant" or "Commissioner") denial of her social security claim. (Doc. No. 1). The Magistrate Judge recommended granting the Commissioner's Motion for Summary Judgment on August 27, 2012. (Doc. No. 12). Plaintiff objected to the Magistrate Judge's recommended findings that: (1) the ALJ complied with the treating physician rule; (2) the ALJ properly evaluated Plaintiff's credibility; and (3) the ALJ appropriately relied upon the Vocational Expert's testimony. (Doc. No. 13). The Commissioner responded to Plaintiff's objections with the following two-sentences: "The Commissioner agrees with the Magistrate Judge's Memorandum and Recommendation. This Court should adopt it and affirm the Commissioner's

decision." (Doc. No. 14).

The Court adopts the Magistrate Judge's discussion of the background in this case. See (Doc. No. 12 at 1-3).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial

evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. ANALYSIS

The Magistrate Judge found no error in the ALJ's handling of Plaintiff's case. (Doc. No. 12). Plaintiff objects to the Magistrate Judge's findings that: 1) the ALJ complied with the treating physician rule; 2) the ALJ properly evaluated Plaintiff's credibility; and, 3) the ALJ appropriately relied upon the Vocational Expert's testimony. Thus, the Court reviews these portions of the Magistrate Judge's M&R de novo and looks directly to the ALJ's decision.

### A. Dr. Sonya Gorski-Rissmiller

Plaintiff first argues that the ALJ failed to afford proper weight to the opinion of her treating physician, Dr. Sonya Gorski-Rissmiller. (Doc. No. 9 at 16). Plaintiff states that the ALJ gave "some weight" to the physician. (Id.). The ALJ was not required to give controlling or great weight to Dr. Rissmiller's opinion where it was inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). He was also not required to explicitly discuss each factor in his decision. Warren v. Astrue, No. 5:08-cv-149, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Instead, the "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, 1996 WL 374188, at *5 (July 2, 1996). The ALJ met this burden by clearly stating that he gave Dr. Rissmiller's opinion "less weight" because it is "not consistent with the record as a whole, which indicates that the claimant worked in 2008, performs a variety of activities of daily living, and has relatively normal physical examinations." (Doc. No. 6-3 at 28). Moreover, the ALJ noted inconsistencies between Dr. Rissmiller's opinion and her earlier opinion, rendered just three days prior. (Id.); see also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."); Smith v. Astrue, No. 1:09-cv-471, 2011 WL 5326844, at *10 (W.D.N.C. Nov. 4, 2011) (Reidinger, J.). The ALJ did not err in giving Dr. Rissmiller's opinion "less weight." (Id.).

B.      Plaintiff's Credibility

Plaintiff argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain

or other symptoms is a two-step process. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595. The ALJ found that Plaintiff met the first prong of the test.

The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. For example, the ALJ noted that "both an x-ray and an MRI of the claimant's lumbar spine taken in September 2007 came back basically normal, showing only mild facet syndrome." (Doc. No. 6-3 at 25). "Additionally, at an examination in October 2007, Dr. Robert Giedraitis observed that the claimant had no sitting intolerance, was in no acute distress, and had normal sensory motor function in both lower extremities. The claimant also consistently had 5/5 strength in her lower extremities." (Id.) (citations omitted). The ALJ also noted that Plaintiff's "allegations are also not consistent with her reported activities" and explained in detail her work, personal and travel activities from 2008 through 2010. (Id. at 25-26). The ALJ stated that Plaintiff's "treatment history also calls her credibility into question" and gave a thorough explanation for this finding. (Id. at 26). Finally, the ALJ stated that "[f]urther undermining the claimant's credibility is the fact that she sought and received unemployment benefits during the fourth quarter of 2008, the first three quarters of 2009 and all of 2010. The eligibility requirements for unemployment benefits in North Carolina provide that an individual must be both 'able to work' and 'available for work.'" (Id.); see also Schmidt v. Barnhart, 395 F.3d 737, 746 (7th Cir. 2005) (finding

5

"claimant's decision to apply for unemployment benefits and represent to state authorities and prospective employers that he is able and willing to work" is a factor in assessing his subjective complaints of disability); Cox v. Apfel, 160 F.3d 1203, 1208 (8th Cir. 1998) ("we have held that the acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability").

The ALJ followed the Fourth Circuit's two-step process for evaluating a claimant's credibility, see Craig v. Chater, 76 F.3d at 594, and the ALJ adequately explained his position on Plaintiff's credibility.

    C.    Vocational Expert Testimony

Finally, Plaintiff argues that because of the errors alleged above, the ALJ's RFC determination was flawed and "the Vocational Expert's testimony . . . cannot be used to meet the Commissioner's burden of proof at step five that there is work [Plaintiff] can perform in the national economy." (Doc. No. 9 at 25). Plaintiff concedes that "this argument is derivative of her other arguments." (Doc. No. 13 at 7). Having concluded that the ALJ's evaluations of the treating physician's opinions and Plaintiff's credibility were supported by substantial evidence, this assignment of error fails as well.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 12), is **ADOPTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and

3. Plaintiff's Motion for Summary Judgment, (Doc. No. 8), is **DENIED**.

Signed: September 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge